**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-7553**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

DEJUAN WALKER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:05-cr-00097-FDW-2)

Submitted:  December 21, 2012      Decided:  December 31, 2012

Before KEENAN, WYNN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Dejuan Walker, Appellant Pro Se. Jennifer Lynn Dillon, Amy Elizabeth Ray, Assistant United States Attorneys, Craig Darren Randall, C. Nicks Williams, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dejuan Walker appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) (2006) motion seeking reduction of his sentence pursuant to Amendment 750. This court reviews the denial of a § 3582(c)(2) motion for abuse of discretion. United States v. Munn, 595 F.3d 183, 186 (4th Cir. 2010). "A district court abuses its discretion if it fails adequately to take into account judicially recognized factors constraining its exercise, or if it bases its exercise of discretion on an erroneous factual or legal premise." DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 323 (4th Cir. 2008) (internal quotation marks omitted).

Pursuant to § 3582(c)(2), the district court may modify the term of imprisonment "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the Guidelines amendment is retroactively applicable, as is Amendment 750. 18 U.S.C. § 3582(c)(2); U.S. Sentencing Guidelines Manual § 1B1.10(c) (2012). As the district court correctly observed, Walker was subject to a statutorily-mandated minimum term of imprisonment, even though the Government's USSG § 5K1.1 motion for a downward departure resulted in an ultimate sentence below the mandatory minimum. See 18 U.S.C. § 3553(e) (2006). However, it is unclear whether

2

the statutory minimum should have been twenty years, as noted in the court's order. Walker's plea agreement included a provision that if he complied with the requirements of the plea agreement, the Government would withdraw the § 851 Notice, reducing the statutory minimum to ten years. The only discussion of the potential withdrawal of the notice that is in the record on appeal was in the original Presentence Report (PSR), where it was noted that the Guidelines range would not change if the § 851 information was removed. It appears from the district court's decisions at resentencing in 2010 and on the § 3582(c)(2) motion, which both specify that Walker was subject to a twenty-year mandatory minimum, that the probation office and the district court concluded that the § 851 Notice was still applicable. While the district court has the discretion to refuse to further reduce Walker's sentence, the court's decision may not be based on an error in law. See DIRECTV, Inc., 523 F.3d at 323. Under the terms of the plea agreement, it appears that the § 851 Notice should have been withdrawn by the Government if Walker complied with the terms of the agreement. Nothing currently in the record indicates that he did not comply. However, the record on appeal is not complete.

We therefore vacate the district court's order and remand to the district court to determine whether, under the terms of the plea agreement, the § 851 Notice should have been

3

withdrawn by the Government. And, if it should have been removed, then the district court may consider the § 3582(c)(2) motion in light of the changes wrought by Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012) (holding FSA is retroactively applicable to defendant who committed his offenses prior to August 3, 2010, but was sentenced after that date) and the FSA. We do not express an opinion on whether Walker's sentence should ultimately be reduced.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED